IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY RAY WALL (#01066112), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2660 |
| | § | |
| HARRIS COUNTY SHERIFF'S | § | |
| DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER ON DISMISSAL

Plaintiff Johnny Ray Wall (#01066112) is an inmate incarcerated in the Harris County Jail. He has filed a complaint against the Harris County Sheriff's Department under 42 U.S.C. § 1983, alleging violations of his civil rights. The plaintiff has also filed an application to proceed *in forma pauperis*. (Docket Entry No. 2). After conducting a preliminary review of the pleadings, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.   BACKGROUND

Wall indicates that he has been at the Harris County Jail since June 6, 2005. Wall complains that the conditions at the Jail constitute "cruel and unusual punishment" in violation of the Eighth Amendment. Without providing any details, Wall alleges that conditions at the Jail are "inhuman" and "unsanitary." Wall concedes, however, that he has not exhausted these claims by pursuing the grievance process available at the institution. The Court concludes, therefore, that Wall's complaint must be dismissed as premature for lack

of exhaustion.

## II.     EXHAUSTION

This suit is governed by the Prison Litigation Reform Act (the "PLRA"). The PLRA prohibits any action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the United States Supreme Court held that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file suit in federal court. The Fifth Circuit has emphasized that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in *Booth*." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). *See also Porter v. Nussle*, 534 U.S. 516 (2002) (holding that the PLRA requires exhaustion of all claims brought by prisoners concerning prison conditions, including those involving the use of excessive force); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) (holding that *Porter* squarely precludes an unexhausted failure-to-protect claim).

Wall concedes in his complaint that he has not exhausted the grievance procedure available at the Jail facility. (Docket Entry No. 1, at 2 ¶ III). By failing to exhaust administrative remedies, a prisoner deprives prison administrators of the benefits intended by 42 U.S.C. § 1997e(a). The Supreme Court has recognized that Congress enacted the exhaustion requirement found in § 1997e(a) to allow prison officials the time and the opportunity to investigate and address complaints internally. *Porter*, 534 U.S. at 525; *see*

*also Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973) ("Since [the] internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems."). By requiring a prisoner to comply with grievance procedures, prison officials may be able to take corrective action, resolving the grievance without resort to federal court. *Porter*, 534 U.S. at 525. Administrative review further serves to filter out frivolous claims or, in the event of a federal case, allows prison officials the opportunity to develop an administrative record to facilitate adjudication of that case. *See id*.

Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Porter*, 534 U.S. at 524; *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). As the Fifth Circuit has repeatedly emphasized, this means that a prisoner must exhaust his administrative remedies *before* filing suit. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998). The plaintiff does not allege or otherwise show that he exhausted his administrative remedies with respect to his claims in this case. Because it appears clear from the pleadings that the plaintiff has failed to exhaust available administrative remedies before filing suit in federal court, his complaint must be dismissed. *See Wright*, 260 F.3d at 359. The dismissal is without prejudice to re-filing once this claim is properly exhausted. *See id*.

### III. CONCLUSION

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. The Court will not enter a collection order for the $250.00 filing fee at this time because the plaintiff's suit is premature.

3. The plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on 16th day of August, 2005.

_____
Nancy F. Atlas
United States District Judge